J-A27016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER CHRISTIAN SHIFFER | : | |
| | : | |
| Appellant | : | No. 1549 MDA 2021 |

Appeal from the Judgment of Sentence Entered August 3, 2021
In the Court of Common Pleas of Juniata County Criminal Division at
No(s): CP-34-CR-0000169-2019

BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED: FEBRUARY 7, 2023**

Alexander Christian Shiffer appeals the judgment of sentence entered following his jury convictions for indecent assault (without consent) and indecent assault (complainant under 16).[1] Shiffer challenges the weight of the evidence and the denial of his motion for a mistrial. We affirm.

Shiffer's convictions stem from his inappropriate contact with his stepdaughter, K.C., who was 14 years old at the time. K.C. testified that on the night in question she was home with her sister, mother, and Shiffer. She said she was lying on her bed reading and Shiffer entered her room to tuck her in and say good night. K.C. testified that Shiffer was "crawling under the covers" and "kept pulling [her] in for hugs[.]" N.T., Trial, 5/25/21, at 22. She

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3126(a)(1) and 3126(a)(8), respectively.

stated that as Shiffer was pulling her in, his hand "slipped a little" down the front of K.C.'s shirt. *Id.* at 23. K.C. testified that she repositioned herself and "kind of" pulled out his hand and that she thought "he pulled it out a little bit himself, too." *Id.* at 25. The two continued to talk, and when Schiffer pulled K.C. in for another hug, "his hand slipped down" her pants to her buttocks, inside her underwear. *Id.* at 25-26. While his hand was in her underwear, Shiffer grabbed K.C.'s buttocks. *Id.* at 26. K.C. testified that his hand remained inside her underwear for "a few minutes" while she "kept trying to pull it out[.]" *Id.* at 27. She kept asking him to stop and was finally able to pull his hand out of her pants. *Id.*

The Commonwealth asked K.C. if there were other instances when Shiffer touched her. K.C. replied that there were times Shiffer would get on top of her when they would tickle each other and she "could feel him through his pants." *Id.* at 29. When the Commonwealth asked K.C. to explain what she meant, defense counsel objected and asked for a sidebar. *Id.* at 29-30. At sidebar, counsel moved for a mistrial pursuant to Rule 404 of the Pennsylvania Rules of Evidence. She stated that the tickling incident was not mentioned in any discovery materials, and it was her first time hearing about it. *Id.* at 30. The Commonwealth responded that it learned of the information "at least as of [the] day of jury selection" and that it was part of the story of what led to the incident at issue. *Id.* The court denied the motion for a mistrial and told the Commonwealth to move on, concluding that the jury had not been prejudiced. *Id.* at 31. The sidebar discussion then concluded.

K.C.'s mother, Jamie Shiffer, took the stand next. She testified that at the time in question, she was downstairs at home while K.C. and her sister were upstairs getting ready for bed. *Id.* at 52. She explained that K.C. came downstairs crying and told her that Shiffer "had put his hand down her pants and squeezed her bottom and that he had put his hand down her shirt." *Id.* at 53. Jamie went upstairs to confront Shiffer who at this time was sleeping in their bedroom. When Jamie confronted Shiffer with what K.C. had told her, Shiffer asked her what she was talking about. Jamie then went back downstairs with K.C. Shiffer also followed Jamie downstairs and said that "he didn't know what happened but he was sorry he did something." *Id.* at 54.

The Commonwealth also introduced Shiffer's videotaped police interview. During the interview, Shiffer stated "he wasn't going to sit there and call his daughter a liar. If she says that he did it, then he did." *Id.* at 82.

Shiffer testified in defense that he only put K.C. to bed on the night in question and did not intentionally touch her buttocks. He testified that in the process of trying to get off K.C.'s bed he could have accidentally touched her.

The jury found Shiffer guilty of the above-referenced charges. The court sentenced Shiffer in total to 4 to 23 months' incarceration. Shiffer filed a post-sentence motion, which the trial court denied. This timely appeal followed.

Shiffer raises the following issues:

> 1. Did the trial court err in denying [Shiffer's] motion for mistral where the Commonwealth intentionally solicited the testimony of the complainant to an alleged prior bad act of [Shiffer] and failed to provide notice?

2. Did the trial court err in denying [Shiffer's] post sentence motion requesting a new trial where the verdict for the charges of indecent assault without consent and indecent assault person less than sixteen years of age, was so contrary to the weight of the evidence that it shocks one's sense of justice, where the uncontradicted testimony of the Commonwealth's witnesses did not outweigh the testimony of [Shiffer] and other evidence that supported [Shiffer's] version of events?

Shiffer's Br. at 5 (suggested answers omitted).

Shiffer's first issue addresses the court's denial of his motion for a mistrial. He maintains that the Commonwealth elicited prior bad act evidence without providing him notice pursuant to Pa.R.E. 404(b)(3). He alleges that the Commonwealth did not show a sufficient nexus between the prior bad act testimony and the acts charged, such as would render the bad act testimony relevant. Shiffer's Br. at 14. He also argues that the trial court's telling the prosecutor to move on, without giving the jury "clarification," led the jury to believe that Shiffer had placed himself on top of K.C. many times. *Id.*

We review the court's grant or denial of a motion for a mistrial for an abuse of discretion. *Commonwealth v. Chamberlain*, 30 A.3d 381, 422 (Pa. 2011). An abuse of discretion exists where the court misapplies or overrides the law, exercises its judgment in a manifestly unreasonably way, or if its decision is "the result of partiality, prejudice, bias or ill-will[]." *Commonwealth v. Wright*, 961 A.2d 119, 142 (Pa. 2008) (citation omitted). A mistrial is appropriate only "when an incident is of such a nature that its unavoidable effect is to deprive the [defendant] of a fair and impartial trial."

***Commonwealth v. Bennett***, 225 A.3d 883, 890 (Pa.Super. 2019) (citation omitted).

Rule 404(b)(1) of the Pennsylvania Rules of Evidence bars the admission of evidence of prior bad acts to prove a person's character in order to show "that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). Such evidence may nonetheless be admissible for another proper purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," if its probative value outweighs its potential for unfair prejudice. ***See id.*** at 404(b)(2). If in a criminal case the prosecution wishes to admit such evidence, it must provide "written notice in advance of trial so that the defendant has a fair opportunity to meet it[.]" ***Id.*** at 404(b)(3).

Here, Shiffer's stated objection at trial was a request for a mistrial based on the Commonwealth's failure to give Rule 404(b)(3) notice. The trial court refused the motion because it found the testimony about the tickling incident had not prejudiced the jury sufficiently to warrant a mistrial. We perceive no abuse of discretion in this regard. To the extent Shiffer now objects that there was an insufficient "nexus" to render the testimony relevant, that objection is waived for failure to make it at trial. Finally, Shiffer's argument that the trial court should have given the jury "clarification" is similarly waived for failure to ask for a curative instruction at trial. ***See*** Pa.R.A.P. 302(a); ***Commonwealth v. Johnson***, 42 A.3d 1017, 1026 n. 5 (Pa. 2012).

Shiffer's remaining issue challenges the weight of the evidence. Shiffer states that the uncontradicted portion of the Commonwealth's evidence only showed that K.C., her mother, her sister, and Shiffer were all at home on the night in question, and that Shiffer went into K.C.'s room, tucked her into bed, and then went to sleep. He contends that the remainder of K.C.'s testimony regarding the events at issue were directly contradicted by her own testimony, Shiffer's testimony, and the Commonwealth's other witnesses. Shiffer also states that the victim's testimony contradicted her statements to the police. He argues that in determining that the verdict was not contrary to the weight of evidence, the court "ignored the contradictions and inconsistencies to [K.C.'s] testimony." Shiffer's Br. at 23.

When reviewing a challenge to the weight of the evidence, we determine whether the court abused its discretion in denying the defendant's weight claim. *See Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013). We "give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination" of whether the verdict is against the weight of the evidence. *Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa.Super. 2015) (citation omitted). Additionally, "[t]he weight of the evidence is exclusively for the finder of fact [,] who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Johnson*, 668 A.2d 97, 101 (Pa. 1995). "Resolving contradictory testimony" is also a matter for the factfinder.

***Commonwealth v. Delmonico***, 251 A.3d 829, 837 (Pa.Super. 2021), *appeal denied*, 265 A.3d 1278 (Pa. 2021).

Here, Shiffer's argument centers on the victim's credibility and her contradictory statements. After reviewing the record, we cannot say that any contradictions or inconsistencies in the evidence were of such a nature that trial court abused its discretion in rejecting Shiffer's weight challenge. We therefore affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/07/2023